UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>                Plaintiffs,<br><br>vs.<br><br>INTERSTATE HOTEL INSTALLATION, a Nevada corporation,<br><br>                Defendant. | Case No.: 2:09-cv-02355-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss and Motion for Partial Summary Judgment–#10/11; Countermotion to Continue–#20) |

      Before the Court is Defendant Interstate Hotel Installation's ("Interstate") **Motion to Dismiss and Motion for Partial Summary Judgment** (##10/11), filed January 25, 2010. The Court has also considered Plaintiffs' ("the Trustees") Opposition (#13), filed February 11, 2010, and Interstate's Reply (#19), filed March 1, 2010.

      Also before the Court is the Trustees' **Countermotion to Continue** (#20), filed February 11, 2010. The Court has also considered Interstate's Opposition (#21), filed March 2, 2010, and the Trustees' Reply (#22), filed March 12, 2010.

1

**BACKGROUND**

Plaintiffs are the trustees of the trust funds for the Nevada Laborers Local Union 872 ("the Union"). On April 15, 1998, Interstate entered into a collective bargaining agreement with the Union in which it agreed to make employee benefit contributions to the Union's trust funds. The agreement was memorialized in two separate contracts, the Memorandum Agreement and the Master Labor Agreement. Section 5 of the Memorandum Agreement states in relevant part:

> This . . . [a]greement . . . shall remain in full force and effect until July 1, 1998, and shall continue in full force and effect from year to year thereafter, unless either party shall give written notice to the other of a desire to modify or cancel the . . . [a]greement . . . at least sixty (60) days prior to July 1, 1998, or July 1st of any succeeding year.

On December 29, 2007, the Trustees filed suit against Interstate alleging it had failed to submit monthly reports and make monthly pension payments as required by 29 U.S.C. § 1145. On March 3, 2008, Interstate wrote a letter to the Trustees regarding this lawsuit. In this letter, Interstate informed the Trustees that (1) it repudiated any agreement with the Union because Interstate did not employ more than one Union employee and had no intention of hiring Union employees in the future; and (2) it intended "to terminate any and all . . . agreements as of July 1, 2008, pursuant to Section 5 of the Memorandum Agreement." (Dkt. #10, Ex. 4.)

Despite Intestate's claim that it had repudiated and terminated its agreement with the Union, Interstate agreed to let the Union perform an audit in order to "narrow or eliminate issues raised in the complaint." (*Id.*, Ex 4.) The parties subsequently agreed to voluntarily dismiss the lawsuit pending the results of the audit. In September 2008, the auditing firm retained by the Trustees requested employment documentation from January 2001 to the present. Interstate provided documentation only through June 2008 and stated that the Trustees were not entitled to documentation beyond that date because Interstate had terminated the agreement in its March 3rd letter. The Trustees then sent a letter demanding the records from June 2008 until the present, and Interstate again informed the Trustees that they were not entitled to the records. This prompted the

AO 72
(Rev. 8/82)

Trustees to file suit in this Court on December 11, 2009. The Trustees again assert a claim for delinquent contributions under 29 U.S.C. § 1145, and they also bring a claim for injunctive relief. Now before the Court is Interstate's Motion to Dismiss and Motion for Partial Summary Judgment and the Union's Countermotion to Continue. For the reasons discussed below, the Court denies both motions.

## DISCUSSION

### I. Interstate's Motion for Summary Judgment

Interstate asks the Court to grant partial summary judgment on the Trustees' claim for delinquent contributions. Interstate does not seek summary judgment with respect to delinquent contributions for any time prior to July 1, 2008; instead, it asks the Court to find as a matter of law that it cannot be delinquent under the collective bargaining agreement after July 1, 2008. Interstate seeks this relief, first, because it properly terminated the contract, and second, because it properly repudiated the contract under the "one employee rule." Because termination and repudiation are affirmative defenses, Interstate must do more than point out the weaknesses in the Trustees' delinquent contributions claim; it must provide evidence showing it is entitled to summary judgment based on these defenses. *See, e.g., Lubin v. Kunin*, 17 P.3d 422, 427 (Nev. 2001).

#### A. Termination

Interstate claims it properly terminated the collective bargaining agreement when it sent the March 3, 2008, letter informing the Trustees of its intent to terminate the agreement by July 31, 2008. "For an employer to be obligated to make employee benefit contributions to a trust fund, there must exist a binding collective bargaining agreement." *S.W. Admins. v. Rozay's Transfer*, 791 F.2d 769, 773 (9th Cir. 1986). Consequently, when a party properly terminates a collective bargaining agreement, it is no longer obligated to make payments to the trust funds. *See Laborers Health & Welfare Trust Fund v. Leslie G. Delbon Co., Inc.*, 199 F.3d 1109, 1110–11 (9th Cir. 2000). Under 29 U.S.C. § 158(d), a party cannot terminate a collective bargaining agreement

3

1  unless it (1) gives written notice sixty days prior to the date of termination; (2) offers to meet and
2  confer with the other party for the purpose of negotiating a new contract, and (3) continues to
3  comply with all of the terms of the collective bargaining agreement.
4         The Court finds a factual dispute exists regarding whether Interstate properly
5  terminated the collective bargaining agreement under 29 U.S.C. § 158(d). Although Interstate
6  gave the Trustees' notice of its intent to terminate the agreement sixty days prior to July 1, it has
7  provided no evidence indicating it offered to meet with the Union in order to negotiate a new
8  contract. The termination letter Interstate sent to the Union did not include an offer to discuss a
9  new contract, and Interstate does not claim it ever conveyed such an offer to the Union. This fact
10 precludes the Court from granting Interstate's motion for partial summary judgment based on its
11 termination defense.
12     **B.**    **Repudiation**
13        Interstate also alleges it is entitled to partial summary judgment on the Trustees'
14 delinquent contributions claim because it properly repudiated the contract. An employer may
15 unilaterally repudiate a collective bargaining agreement based on the "one employee rule." Under
16 this rule, an employer's contract repudiation is proper if (1) it has not employed more than one
17 employee covered by the collective bargaining agreement during the relevant time period; and (2)
18 it does not intend to employ more than one employee that would be covered under the collective
19 bargaining agreement. *Laborers Health & Welfare Trust Fund for N. Cal. v. Westlake Dev.*, 53
20 F.3d 979, 982–83 (9th Cir. 1995).
21        In support of its motion, Interstate provides the testimony of Leticia Rodriguez, its
22 director of operations, who testifies that Interstate has always employed one or fewer employees
23 under the collective bargaining agreement and that it never intended to employ more than one
24 Union employee. Despite this testimony, Interstate admits it hired two Union employees in May
25 of 2008. Interstate claims it hired these workers because the Union had threatened to picket its
26 offices for failure to hire Union employees. Interstate argues this fact is not fatal to its motion for

4

AO 72
(Rev. 8/82)

1  partial summary judgment: although it relented to pressure to hire Union employees, this does not
2  change the fact that in March 2008—when it gave notice of its intent to repudiate—it had no
3  intention of hiring additional Union employees.
4        The Court denies Interstate's motion for partial summary judgment based on its
5  repudiation defense.  Ms. Rodriguez's testimony regarding the number of Union employees
6  Interstate hired and Interstate's assertions regarding the reason it hired two Union workers in 2008
7  are insufficient to establish as a matter of law that Interstate properly repudiated the collective
8  bargaining agreement.  Instead of providing employment records or other documentary evidence to
9  support its claims, Interstate relies solely on the affidavit of one of its employees and its own
10 arguments regarding the reason for its May 2008 hires.  In the Court's view, this is not enough to
11 preclude a reasonable juror from finding that Interstate did not properly repudiate the agreement.
12 Furthermore, the Court agrees with the Trustees' assertion that at the very least they should be
13 permitted to cross-examine Ms. Rodriguez regarding her testimony.  Accordingly, the Court denies
14 Interstate's motion for partial summary judgment.

15 **II.    Interstate's Motion to Dismiss**

16       In their complaint, the Trustees bring a claim for injunctive relief and ask the Court
17 to compel Interstate to pay all past due contributions, to enjoin Interstate from failing to file timely
18 reports, and to require Interstate to cooperate with all audits and make timely payments to the trust
19 funds.  Interstate asks the Court to dismiss this claim because injunctive relief is a remedy, not a
20 cause of action.  In support of its assertion, Interstate points to a number of cases (all outside
21 Nevada) in which courts have dismissed injunctive relief claims on these grounds.  *United States*
22 *v. Smelser*, 87 F.2d 799, 800–01 (5th Cir. 1937); *Cox Comms. PCS, L.P. v. City of San Marcos*,
23 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002).
24       The Court recognizes that injunctive relief is not a cause of action and that it is well
25 within the Court's discretion to dismiss this claim.  At the same time, however, the Court is not
26 required to dismiss this claim under the law cited by Interstate or any other law of which the Court

AO 72
(Rev. 8/82)

1   is aware. The Court therefore exercises its discretion and denies Interstate's motion to dismiss this
2   claim. The Court does so even though injunctive relief is a remedy because the Trustees have
3   stated a viable underlying claim for delinquent contributions. Thus, if the Trustees' succeed on
4   that claim they may very well be entitled to the injunctive relief they seek. Given this fact, the
5   Court sees no reason why it should dismiss the Trustees' claims for injunctive only to have them
6   re-file an amended complaint containing the same basic request for relief. Accordingly, the Court
7   will interpret the Trustees' claim for injunctive relief as a request for a remedy rather than a
8   separate cause of action. Interstate's motion to dismiss is denied on this basis.

**III.    The Trustees' Countermotion to Continue**

The Trustees have filed a countermotion in which they ask the Court to delay ruling on Interstate's motion for summary judgment until after discovery has taken place. The Trustees claim they need more time to obtain documents from Interstate and to depose Interstate's witnesses, in particular Leticia Rodriguez. The Court denies the Trustees' motion because, rather than continue Interstate's motion for summary judgment, the Court denies Interstate's motion altogether. In so doing, the Court notes that the close of discovery either party may move for summary judgment if the evidence warrants such a motion.

/
/
/
/
/
/
/
/
/
/

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss and Motion for Partial Summary Judgment (#10/11) is DENIED.

IT IS FURTHER ORDERED that Defendants' Countermotion to Continue is DENIED.

Dated: May 5, 2010.

_____
ROGER L. HUNT
Chief United States District Judge